**Lucjan KIRI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–5834–ag.

United States Court of Appeals, Second Circuit.

Dec. 1, 2006.

Parker Waggaman, New York, NY, for Petitioner.

Frank D. Whitney, United States Attorney for the Eastern District, of North Carolina, Anne M. Hayes, Steve R. Matheny, Assistant United States Attorneys, Raleigh, NC, for Respondent.

Present: JOHN M. WALKER, JR., JOSÉ A. CABRANES, and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Lucjan Kiri, a native and citizen of Albania, seeks review of a September 29, 2005 order of the BIA affirming

the May 5, 2004 decision of Immigration Judge ("IJ") Paul DeFonzo denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lucjan Kiri,* No. A97 152 975 (B.I.A. Sept. 29, 2005), *aff'g* No. A97 152 975 (Immig. Ct. N.Y. City May 5, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't. of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision case remanded).

Where an adverse credibility finding is based, in part, on flawed grounds, remand is not required where this Court can "confidently predict" that the IJ would have reached the same conclusion absent the error-based grounds. *See Xiao Ji Chen,* 434 F.3d at 162. Although some of the factors upon which the IJ relied in the present case were erroneous, the non-erroneous factors provided sufficient grounds for the IJ to question both the veracity of Kiri's narrative of events that occurred in Albania and whether Kiri truly feared persecution if he were to return to his native country. Not only did Kiri omit numerous aspects of his asylum claim on direct examination, but he also offered testimony that conflicted with information provided in his affidavit and supporting documents on numerous occasions. Faced with such inconsistencies, the IJ reasonably doubted Kiri's veracity, and this Court can confidently predict that the agency would affirm its adverse credibility determination on remand.

Despite the fact that Kiri failed to raise any arguments regarding the denial of his withholding of removal or CAT claims in his brief to the BIA, this Court considers these claims exhausted because the BIA ruled on them in its decision. *See Xian Tuan Ye v. Dep't of Homeland Security,* 446 F.3d 289, 296–97 (2d Cir.2006). The agency did not err in denying both Kiri's withholding of removal and CAT claims on adverse credibility grounds. As the only evidence of a threat to Kiri's life or freedom depended upon Kiri's credibility as a witness, the IJ's adverse credibility determination necessarily precludes success on the claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Similarly, since Kiri presented no evidence that he was likely to be tortured upon returning to Albania, aside from that which relied on his credibility, the IJ and BIA did not err in failing to specifically address the CAT claim or in denying the claim on adverse credibility grounds. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005); *cf. Ramsameachire,* 357 F.3d at 184–85 (holding that the agency may not deny a CAT claim solely on the

basis of an adverse credibility finding made in the asylum context, where the CAT claim did not turn upon credibility).

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).